So Ordered.

Signed this 13 day of January, 2017.

                                                                                     Robert E. Littlefield, Jr.
                                                                                     United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| In Re:   Sean M Duff | Case Number: 16-11770
Chapter 13 |
|---|---|
| Debtor's | **ORDER DISMISSING CASE AND SETTING DEADLINE FOR APPLICATION FOR ALLOWANCE OF ATTORNEY FEES** |

    Upon consideration of the Motion to Dismiss in the above case filed by Andrea E. Celli, Chapter 13 Trustee ("Trustee"), and after notice to the Debtor(s) and the attorney of record for Debtor(s) and a hearing being set thereon and no opposition being made or if opposition was heard, following conclusion of a hearing on January 12, 2017, and due deliberation thereon,

    **IT IS HEREBY SO ORDERED:**

1. This Chapter 13 bankrutpcy case commenced with the filing of a petition on September 29, 2016 by the above-named Debtor(s) hereby is **DISMISSED**, and all automatic stays and restraining orders entered in the case are vacated and the provisions of 11 U.S.C. section 349 shall hereinafter apply.

2. Any Payroll Deduction Orders previously entered in this case are hereby **VACATED**.

3. Pursuant to 28 U.S.C. section 507(a)(1) and section 1930, all obligations owed to the Clerk of the Bankruptcy Court shall be paid in full by the Trustee before any other monies are paid on allowed

    claims or returned to the Debtor(s).

4. If the case is dismissed prior to confirmation of a Chapter 13 plan and/or approval of fees for Counsel for the Debtor(s), a fee in the sum of $2,000 shall be considered the approved fee for legal services rendered in connection with this case (without further application).  This amount shall be paid to the extent any fees have been received pre- and post-petition.  If less than $2,000 was received by Counsel for the Debtor(s) before the filing, Counsel is hereby awarded an administrative claim for the amount not paid up to the toal sum of $2000, and Counsel for the Debtors(s) shall be paid on said claim from funds on hand with the Chapter 13 Trustee to the extent possible after payment of applicable Trustee fee.  If the full $2,000 is not satisfied after the Trustee's disbursement, any remaining balance may be collected from the Debtor(s).  If more than $2,000 was received by Counsel for Debtor(s) before the filing, within ten (10) days of Entry of this Order Counsel shall either (1) refund all amounts received in excess of $2,000 to the Debtor(s) and file proof of the same with the Court, or (2) file and serve an Application for Compensation for approval of all fees received and sought, as set forth in Paragraph 5 below.

5. All Applications for Compensation must be filed within ten (10) days of the entry of this Order.  Applications must be made by motion pursuant to 11 U.S.C. sections 329, 330 and 331 and FRBP 9014.  If the fee for the case was a "flat fee" under Administrative Order 12-03 dated June 29, 2012, the Application shall include a narrative of services rendered by the attorney of record and any paraprofessional staff for whom fees are sought, an itemized listing of any expenditures for which reimbursement is sought, and the total amount received by the applicant for services rendered and reimbursement of expenses for this case.

6. The Court retains jurisdiction of this case for the sole purpose of consideration of an Application for Compensation pursuant to paragraph 5 above.

###